IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**CLARA NOLEN,**

    **Plaintiff,**

**vs.**                                                      **No.: 2:11-cv-2832-JPM-cgc**

**FEDEX TECHCONNECT, INC.,**

    **Defendant.**

---

**REPORT AND RECOMMENDATION ON MOTION FOR LEAVE TO AMEND COMPLAINT (D.E. # 34)**

---

Before the Court, by way of Order of Reference (D.E. # 31) is Plaintiff's Motion for Leave to Amend Complaint (D.E. # 34). Based on the Motion and the record in this case, it is RECOMMENDED that the Motion be DENIED.

### I. Background

Plaintiff filed her Complaint on September 23, 2011 alleging violations of Title VII of the Civil Rights Act of 1964 and the Family Medical Leave Act. Complaint ¶¶ 1, 9. Specifically, Plaintiff avers that she was terminated because of her race. Complaint ¶ 9. On February 15, 2012, the parties participated in a scheduling conference. Among the dates set in the Scheduling Order that was entered subsequent to the conference was the April 15, 2012 deadline for amending pleadings. (D.E. # 14)

Defendant filed its Motion for Summary Judgment on January 4, 2013. (D.E. # 28). Because Plaintiff had not filed a response to the motion, an Order to Show Cause was entered on

March 27, 2013. (D.E. # 32). On April 9, 2013, Plaintiff filed her Motion for Extension to Show Cause (D.E. # 33)[1] and Motion for Leave to Amend Complaint (D.E. # 34).

## II. Proposed Conclusions of Law

Plaintiff's Motion implicates three Rules of Civil Procedure – Rules 6, 15 and 16. Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleadings with leave of court. Fed. R. Civ. P. 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir.2002)[2] (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001)). Fed. R. Civ. P. 6(b)(2) permits the court to extend the time to act (after the time to act has expired) upon a finding of good cause if the party failed to act because of excusable neglect. The Rule 6(b) excusable neglect standard requires the court to consider five factors: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its impact on the case, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the moving party acted in good faith despite the delay. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

It is recommended in this case that Plaintiff has not made a showing of excusable neglect. The motion was filed almost a year after the deadline for amending pleadings. The two sentence motion does not provide any reason for the delay; therefore, there is no way to assess whether the

---

[1] The Motion for Extension to Show Cause was denied at D.E. # 36.

[2] Some Circuits end the inquiry once there is a finding that the movant was not diligent in following the scheduling order. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

delay was in the reasonable control of the Plaintiff. The motion does not include a proposed amended complaint or delineate what changes are proposed to the complaint. Because Defendant has filed a Motion for Summary Judgment in reliance on the existing Complaint and the trial date in this case is less than sixty days away, Defendant would be highly prejudiced were amendment to the complaint to be allowed at this late date. Leave may properly be denied when there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment...." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). While delay alone does not justify denying leave to amend, delay coupled with prejudice to opposing parties does justify doing so. *See*, e.g., *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999)[3].

For the foregoing reasons, it is RECOMMENDED that Plaintiff's Motion for Leave to Amend Complaint be DENIED.

Signed this 12th day of April, 2013.

                                          s/ Charmiane G. Claxton
                                          CHARMIANE G. CLAXTON
                                          UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[3] Additionally, Plaintiff failed to attach a certificate of consultation in keeping with Local Rule 7.2 which in and of itself constitutes grounds for denying the instant motion. L.R. 7.2(a)(1)(B).