IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| CLARA NOLEN,              ) | |
|                           ) | |
|     Plaintiff,            ) | |
|                           ) | |
| v.                        ) | Case No: 11-cv-02832-JPM-cgc |
|                           ) | |
| FEDEX SERVICES;           ) | |
| FEDEX TECHCONNECT, INC.,  ) | |
|                           ) | |
|     Defendants.           ) | |

---

**ORDER DENYING PLAINTIFF'S MOTION OPPOSING SUMMARY JUDGMENT;
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
FOR LEAVE TO SUBMIT EVIDENCE**

---

Before the Court is Plaintiff Clara Nolen's ("Plaintiff") Notice entitled, "Submission of Evidence Under Rule 901 and Other Related Evidence Opposing Defendant's Summary Judgment," filed May 14, 2013.[1] (ECF No. 47.) As the Notice includes specific requests for the Court to allow Plaintiff leave to submit evidence, the Court construes the Notice as a Motion. For the reasons stated below, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

I.   **PROCEDURAL HISTORY**

Plaintiff filed her Complaint alleging Defendant violated Title VII on September 23, 2011. (ECF No. 1.) Defendant FedEx

---

[1] Plaintiff previously filed an identical motion the same day. (See ECF No. 46.)

TechConnect, Inc. ("Defendant") filed a Motion for Summary Judgment on January 4, 2013.  (ECF No. 28.)  On March 27, 2013, Magistrate Judge Claxton entered an Order to Show Cause to as to why Plaintiff had not yet filed a response to the Defendant's Motion for Summary Judgment and "as to why the Court should not consider [Defendant's] Motion on the record before it."  (ECF No. 32.)  Plaintiff filed a Motion for Extension of Time to Show Cause on April 9, 2013.  (ECF No. 33.)  The Magistrate Judge denied the extension of time on April 12, 2013.  (ECF No. 36.)  Plaintiff did not file a response to Defendant's Motion for Summary Judgment.

   Magistrate Judge Claxton filed a Report and Recommendation of Defendant's Motion for Summary Judgment ("Report and Recommendation") on April 19, 2013.  (ECF No. 38.)  Pursuant to 28 U.S.C. § 636(b)(1)(C), both parties had fourteen days to file any objections to the Magistrate Judge's recommendations.  Plaintiff subsequently filed two motions within the fourteen-day objection period:  a Motion Opposing Summary Judgment, filed April 26, 2013 (ECF No. 39); and a "Motion Reconsidering Summary Judgment Report From Magistrate Court," filed May 3, 2013 (ECF No. 41).  As Plaintiff's Motion Opposing Summary Judgment is a response to Defendant's Motion for Summary Judgment and was filed beyond the twenty-eight-day deadline to respond, Plaintiff's Motion (ECF No. 39) is DENIED.  The Court construes

2

Plaintiff's "Motion Reconsidering Summary Judgment Report From Magistrate Court" (ECF No. 41) as timely filed objections to the Report and Recommendation.

## II. PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT EVIDENCE

In the instant Motion (ECF No. 47), Plaintiff makes three requests for relief:

1. Evidence be submitted in its format for trial and other related matters.
2. Evidence be submitted in seeking additional documents in the form of discovery from the Defendants.
3. Evidence be allowed to be submitted to the court in support of Opposing Defendants Summary judgment and Plaintiff's reconsider of Magistrate's Report.

(Id. at 5.) Plaintiff identifies five particular pieces of evidence — listed as "Evidence #1" through "Evidence #5" — that she claims refute Defendant's Motion for Summary Judgment. (See id. at 1–5.) Each of Plaintiff's requests for relief will be addressed in turn.

### A. Plaintiff's First Request for Relief

Plaintiff first requests to submit her evidence "for trial and other related matters." (Id.) As the instant case is still at the dispositive motion stage and not yet proceeding to trial, this request is DENIED.

### B. Plaintiff's Second Request for Relief

Plaintiff next requests that "[e]vidence be submitted in seeking additional documents in the form of discovery from the

3

Defendants." (Id.) As discovery in the instant case closed on October 15, 2012 (see ECF No. 24), and Plaintiff has not shown good cause for reopening discovery, this request is DENIED.

**C.   Plaintiff's Third Request for Relief**

Plaintiff finally requests that "[e]vidence be allowed to be submitted to the court in support of Opposing Defendants Summary judgment and Plaintiff's reconsider of Magistrate's Report." (ECF No. 47 at 5.) It is well-established that pro se litigants are extended leniency in their court filings. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); United States v. Ninety-Three (93) Firearms, 330 F.3d 414, 425 (6th Cir. 2003). It is also established in this Circuit, however, that nonprisoner pro se litigants are provided no such "special assistance" concerning the requirements for summary judgment filings or the consequences for filing defective or incomplete responses to such motions. Ninety-Three (93) Firearms, 330 F.3d at 427–28 (citing Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988)). Nevertheless, the Court prefers to decide cases on the merits whenever possible. United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 846 (6th Cir. 1983) ("Trials on the merits are favored in federal courts . . . .").

Pursuant to Federal Rule of Civil Procedure 56(e), if a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an

4

opportunity to properly support or address the fact." Fed. R. Civ. P. 56(e)(1); see also Fed. R. Civ. P. 56(e)(4) advisory committee notes, 2010 amendments ("Many courts take extra care with pro se litigants, advising them of the need to respond and the risk of losing by summary judgment if an adequate response is not filed.  And the court may seek to reassure itself by some examination of the record before granting summary judgment against a pro se litigant.").  While Plaintiff has described the evidence and what it purports to show in her Motion, the Court must consider the actual documents and audio recording to make its determination.  Accordingly, the Court finds that in order to properly consider the Report and Recommendation and Plaintiff's objections, it must also consider the evidence underlying Plaintiff's objections.

Plaintiff's request for leave to submit evidence is, therefore, GRANTED.  Plaintiff shall file with the Court the following five documents and/or things asserted by Plaintiff to be material evidence in this case.  Plaintiff shall file the following documents and audio recordings, as identified in her Motion, in a form that can be received by the Court:

   (1)  "Evidence #1:  Affidavit of Marilyn Johnson";
   (2)  "Evidence #2:  Submission of the EEOC letters regarding the Right to Sue";
   (3)  "Evidence #3:  Audio of the Customer Call dated April 21, 2010";

    (4)   "Evidence #4:  Certification from a health care provider, Elizabeth Storey, M Ed., NCC, LPC of New Directions Counseling Center, PLLC";

    (5)   "Evidence #5:  Employment history from 1995 to 1999 . . . ."

(ECF No. 47 at 1–5.)

Plaintiff is reminded that while "[t]he submissions by a party opposing a motion for summary judgment need not themselves be in a form that is admissible at trial," the "party opposing summary judgment must show that she <u>can</u> make good on the promise of the pleadings by laying out enough evidence that <u>will be</u> admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary." <u>Alexander v. CareSource</u>, 576 F.3d 551, 558 (6th Cir. 2009).  Plaintiff shall have up to and including June 4, 2013, to file such evidence.

    **IT IS SO ORDERED**, this 21st day of May, 2013.

                                          /s/ Jon P. McCalla  
                                          CHIEF U.S. DISTRICT JUDGE