IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CLARA NOLEN,                        )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )       Case No: 11-cv-02832-JPM-cgc
                                    )
                                    )
FEDEX TECHCONNECT, INC.,            )
                                    )
        Defendant.                  )

---

ORDER STRIKING PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S OBJECTIONS;
ORDER GRANTING DEFENDANT'S MOTION TO STRIKE;
ORDER STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND
RECOMMENDATION;
and
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Before the Court is the Report and Recommendation of Magistrate Judge Charmiane G. Claxton (the "Report and Recommendation"), filed April 19, 2013 (ECF No. 38), recommending that the Court grant Defendant FedEx TechConnect, Inc.'s ("Defendant" or "FedEx") Motion for Summary Judgment (ECF No. 28). In the Report and Recommendation, the Magistrate Judge recommends granting summary judgment for Defendant on all of Plaintiff's claims. The Report and Recommendation states,

> It is RECOMMENDED that Nolen cannot state a prima facie claim for Title VII Discrimination and cannot state a prima facie claim of [Family Medical Leave Act ("FMLA")] discrimination. Furthermore, the Magistrate

> Judge RECOMMENDS that if Nolen could state a claim for prima facie discrimination under Title VII and retaliation under the FMLA, FedEx has articulated a legitimate non-discriminatory reason for Nolen's discharge because Nolen was discharged after three deficiency notices within a twelve-month period; a policy which Nolen was aware of. As Nolen has not offered any facts to dispute FedEx's Motion, Nolen has not demonstrated that her discharge was pretextual. Accordingly, it is RECOMMENDED that FedEx's Motion for Summary Judgment be GRANTED in its entirety.

(ECF No. 38 at 15-16.)

For the reasons stated below, the Court ADOPTS the Report and Recommendation and GRANTS Defendant's Motion for Summary Judgment.

## I. BACKGROUND

### A. Factual Background

This action arises out of Plaintiff's allegedly wrongful termination by Defendant. In her Complaint, Plaintiff specifically asserts claims for racial discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and retaliation pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 621 et seq. ("FMLA").

Plaintiff did not respond to Defendant's Motion for Summary Judgment (ECF No. 28), nor its Statement of Undisputed Facts (ECF No. 28-2), see infra Part II.B., therefore the following facts are undisputed.

Plaintiff, an African American female, was employed by FedEx as a Senior Customer Support Trace Representative,

"reporting to African American manager Andreia Sanders [("Sanders")]." (ECF No. 28-2 ¶ 1.) In this capacity, Nolen served "a customer service function within FedEx and assist[ed] customers who call in with concerns regarding their shipments. . . . [T]he calls of Trace Representatives are routinely monitored by management and recorded for review and training purposes." (Id. ¶ 2.) "On May 12, 2009, Sanders became aware of a customer complaint regarding a call Nolen handled the previous day" and "asked Nolen to provide a written explanation of the interaction." (Id. ¶¶ 3-4.) Nolen's explanation stated the customer was "'obnoxious from the gate,' 'was uncooperative,' and 'how she could jump down my throat was more important [than listening to Nolen].'" (Id. ¶ 4 (quoting ECF No. 28-4 at PageID 180).) "Sanders reviewed the call and disagreed with Nolen's characterization," finding "Nolen spoke to the customer with a 'short, sarcastic' tone and had cut the customer off on several occasions." (Id. ¶ 5 (quoting ECF No. 28-4 at PageID 186).) On May 27, 2009, Sanders issued Nolen a Warning Letter and suspended her for three days without pay. (Id. ¶ 6.) After the Warning Letter and unpaid suspension, Nolen "was provided with extensive additional coaching and training to help her better handle customer issues," including personal coaching from Sanders. (Id. ¶ 8.) Nolen appealed the

disciplinary action through FedEx's internal appeals process and the decision was upheld.  (<u>Id.</u> ¶ 9.)

On December 4, 2009, Nolen was advised that she had "again violated the Customer Abuse/Work Avoidance portion of the Acceptable Conduct policy by failing to make a required call to a customer." (<u>Id.</u> ¶ 10.)  Nolen received a "written counseling" and was told that "further occurrences cannot be tolerated and may result in additional disciplinary action." (<u>Id.</u> ¶ 11 (quoting ECF No. 28-4 at PageID 200) (internal quotation marks omitted).)

On May 18, 2010, Nolen was again disciplined in a Warning Letter regarding an incident on April 21, 2010, where she "repeatedly interrupted and talked over a customer, provided inaccurate information, challenged [the customer's] expressions of anger and frustration and provided little or no help in assisting [the customer] to resolve her issue," and an incident on April 29, 2010, where Nolen failed to advise a customer that his package was being returned to him.  (<u>Id.</u> ¶¶ 11-13 (quoting ECF No. 28-4 at PageID 202) (internal quotation marks omitted).) The letter stated that Nolen's actions showed a "recurring pattern of Customer Abuse . . . [that] cannot be tolerated." (<u>Id.</u> ¶ 13 (quoting ECF No. 28-4 at PageID 203).)

FedEx has a written policy, the Acceptable Conduct Policy, "indicating that recurrent patterns of misconduct will not be

tolerated and may subject an employee to termination." (Id.
¶ 14 (citing Zaborski Decl. ¶ 3, ECF No. 28-5; ECF No. 28-5 at
PageID 237).)  The Acceptable Conduct Policy stated, "Three
notifications of deficiency within a 12-month period normally
result in termination.  However, an employee's entire employment
history should be reviewed.  Based on the severity of the
occurrence, an employee may be terminated with less than 3
notifications of deficiency within a 12-month period." (Id.
(citing Zabroski Decl. ¶ 3, ECF No. 28-5; ECF No. 28-5 at PageID
237).)  The Acceptable Conduct Policy is "reinforced in the
Standard Operating Procedure of Customer Support addressing
Customer Abuse/Work Avoidance, which also describes the types of
behavior that will be considered violations of the Acceptable
Conduct Policy as it relates to customer abuse." (Id. ¶ 15
(citing Zaborski Decl. ¶ 4, ECF No. 28-5; ECF No. 28-5 at PageID
242-44).)  Nolen was aware of these policies and acknowledged
her awareness and familiarity "multiple times." (Id. ¶ 16.)

On May 18, 2010, FedEx terminated Nolen as she had
"demonstrated a recurring pattern of violating the Acceptable
Conduct Policy and Customer Abuse/Work Avoidance policies, and
because she had accumulated three notices of deficiency within a
twelve-month period," in violation of the Acceptable Conduct
Policy. (Id. ¶ 17.)

It is also undisputed that "Nolen applied for FMLA leave on August 17, 2009 to attend therapy for depression and anxiety," and was granted leave from August 17, 2009, through February 17, 2010. (Id. ¶¶ 20-21.)  "Nolen did not request any days off for FMLA leave that she was not granted." (Id. ¶ 22.)

As it relates to the instant Motion, it is further undisputed that former FedEx employee Brian Kohanyi ("Kohanyi"), a Caucasian employee, was terminated on December 14, 2009, and "had accumulated three deficiency notices within the immediately preceding twelve-month period:  one for poor attendance and two for violating the Customer Abuse/Work Avoidance portion of the Acceptable Conduct [P]olicy." (Id. ¶ 18.)  Additionally, Kohanyi had "no history of FMLA activity." (Id.)

**B.   Procedural History**

Magistrate Judge Claxton set forth the procedural history of the case as follows:

> On September 23, 2011, Plaintiff Clara Nolen ("Nolen") filed a Pro Se Complaint [ECF No. 1] pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Family and Medical Leave Act of 1993, 29 U.S.C. § 621 et seq. ("FMLA") against Defendant FedEx Services ("FedEx").  Prior to Nolan filing the instant action, she initially filed charges of discrimination with the Tennessee Fair Employment Commission and with the Equal Employment Opportunity Commission on June 1, 2010.  [(ECF No. 1 ¶¶ 6-7.)]  The Equal Employment Opportunity Commission issued a notice of Nolen's Right to Sue on July 7, 2011.  [(Id. ¶ 8.)]  The District Court then permitted Nolen to proceed in forma pauperis.  [(ECF No. 5.)]  The District Court next issued an Order correcting the

6

docket to add Defendant FedEx Corporate Services, Inc., and remove Defendant FedEx Services. [(ECF No. 6.)]

Defendant FedEx Corporate Services answered Plaintiff's complaint on December 21, 2011. [(ECF No. 8.)] . . . . [With leave of Court,] Defendant filed its First Amended Answer on February 20, 2012 [(ECF No. 17)].

On January 4, 2013, Defendant[] filed the instant Motion for Summary Judgment. [(ECF No. 28.)] . . . . The Magistrate Judge issued an order on March 27, 2013 for the Plaintiff to show cause as to why the Court should not consider the Motion for Summary Judgment and recommend granting of the motion. [(ECF No. 32.)] Plaintiff has yet to respond to the Motion for Summary Judgment. Plaintiff instead moved for an Extension to Show Cause [(ECF No. 33)] and moved to Amend her Complaint [(ECF No. 34)] on April 9, 2013. The Magistrate Judge denied the Motion to Compel and Motion for Extension to Show Cause on April 12, 2013. [(ECF No. 36.)] The Magistrate Judge recommended that the District Court deny Plaintiff's Motion for Leave to Amend on April 12, 2013. [(ECF No. 37.)]

(ECF No. 38 at 1-2.) This Court adopted the Magistrate Judge's April 12, 2013, Report and Recommendation and denied Plaintiff's Motion for Leave to Amend on April 29, 2013. (ECF No. 40.)

Magistrate Judge Claxton filed the instant Report and Recommendation of Defendant's Motion for Summary Judgment on April 19, 2013. (ECF No. 38.) Plaintiff subsequently filed a Motion Opposing Summary Judgment (ECF No. 39), which the Court denied (ECF No. 52 at 2), and a Motion Reconsidering Summary Judgment Report from Magistrate Court (ECF No. 41), which the

Court construed as timely filed objections to the Report and Recommendation (ECF No. 52 at 3).

Plaintiff then filed a Motion for Leave to Submit Evidence, which the Court granted in part. (Id. at 5.) The Court directed Plaintiff to file five "documents and/or things asserted . . . to be material evidence in this case." (Id.) Plaintiff timely filed this material. (See ECF No. 55.) The Court will consider this evidence in support of Plaintiff's objections to the Magistrate Judge's Report and Recommendation and in opposition to Defendant's Motion for Summary Judgment.

On June 12, 2013, the Court issued a Notice to Defendant, stating that, the Court having construed Plaintiff's May 3, 2013, Motion as timely filed objections, the Defendant "may file . . . responses to Plaintiff's objections." (ECF No. 56.) Defendant filed its response on June 26, 2013. (ECF No. 59.) Plaintiff subsequently filed a Reply to Defendant's response on July 1, 2013. (ECF No. 59.) Because Federal Rule of Civil Procedure 72(b)(2) does not contemplate a reply to a party's response to timely filed objections, and as there is no Local Rule to the contrary, see LR 72.1(g)(2), Plaintiff's Reply Opposing Defendant's Response is improvidently filed and is, therefore, STRICKEN.

On July 15, 2013, Plaintiff filed a Motion for Summary Judgment. (ECF No. 60.) Defendant filed a Motion to Strike

Plaintiff's Motion for Summary Judgment on August 12, 2013. (ECF No. 66.)  The deadline for filing dispositive motions was January 4, 2013.  (See ECF No. 24 at 2.)  As Plaintiff has neither sought leave from the Court to file her Motion, nor shown good cause as to why the Motion was untimely filed, Defendant's Motion to Strike is GRANTED and Plaintiff's Motion for Summary Judgment is STRICKEN.

## II.  STANDARD OF REVIEW

### A.   Magistrate Judge's Reports and Recommendations

Pursuant to Federal Rule of Civil Procedure 72, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

### B.   Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012).  "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense."

9

Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir.
2012). "A dispute over material facts is 'genuine' 'if the
evidence is such that a reasonable jury could return a verdict
for the nonmoving party.'" Id. (quoting Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 248 (1986)). "When the non-moving
party fails to make a sufficient showing of an essential element
of his case on which he bears the burden of proof, the moving
parties are entitled to judgment as a matter of law and summary
judgment is proper." Chapman, 670 F.3d at 680 (citing Celotex
Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

　　　"The moving party bears the initial burden of demonstrating
the absence of any genuine issue of material fact." Mosholder
v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex
Corp., 477 U.S. at 323). "Once the moving party satisfies its
initial burden, the burden shifts to the nonmoving party to set
forth specific facts showing a triable issue of material fact."
Id. at 448-49 (citing Matsushita Elec. Indus. Co. v. Zenith
Radio Corp., 475 U.S. 574, 587 (1986)).

　　　"To show that a fact is, or is not, genuinely disputed,
both parties are required to either 'cite[] to particular parts
of materials in the record' or 'show[] that the materials cited
do not establish the absence or presence of a genuine dispute,
or that an adverse party cannot produce admissible evidence to
support the fact.'" Bruederle, 687 F.3d at 776 (alterations in

original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Fed. R. Civ. P. 56(c)(1)(A); Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'").  The nonmoving party, when confronted with a properly supported motion for summary judgment, must "set out specific facts showing a genuine issue for trial." Viergutz v. Lucent Techs., Inc., 375 F. App'x 482, 485 (6th Cir. 2010); see also Anderson, 477 U.S. at 256-57.

As stated in the Court's Order of May 21, 2013, Plaintiff did not timely respond to Defendant's Motion for Summary Judgment.  (ECF No. 52 at 2.)  Pursuant to Federal Rule of Civil Procedure 56(e),

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed - show that the movant is entitled to it . . . .

Fed. R. Civ. P. 56(e)(3).  Further, pursuant to Local Rule 56.1(d), "[f]ailure to respond to a moving party's statement of material facts . . . within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment." LR 56.1(d).  The Court therefore ADOPTS the Report and Recommendation's Proposed Findings of Fact and finds the material facts undisputed for

purposes of Defendant's Motion for Summary Judgment to the
extent they are properly supported under Rule 56(c).  See Iqbal
v. Pinnacle Airlines, Inc., 802 F. Supp. 2d 909, 914-15 (W.D.
Tenn. 2011).

Despite Plaintiff's failure to respond to Defendant's
Motion for Summary Judgment, the court "is required, at a
minimum, to examine the movant's motion for summary judgment to
ensure that [it] has discharged [its] burden." Delphi Auto.
Sys., LLC v. United Plastics, Inc., 418 F. App'x 374, 381 (6th
Cir. 2011) (quoting Carver v. Bunch, 946 F.2d 451, 454-55 (6th
Cir. 1991)) (internal quotation marks omitted).  "In considering
a motion for summary judgment, [a court] must draw all
reasonable inferences in favor of the nonmoving party." Phelps
v. State Farm Mut. Auto. Ins. Co., 680 F.3d 725, 730 (6th Cir.
2012) (citing Matsushita Elec. Indus. Co., 475 U.S. at 587).
"The central issue is 'whether the evidence presents a
sufficient disagreement to require submission to a jury or
whether it is so one-sided that one party must prevail as a
matter of law.'" Id. (quoting Anderson, 477 U.S. at 251-52).

**C.   Title VII Race Discrimination**

"[A] plaintiff in a race discrimination action 'has the
burden of proving by a preponderance of the evidence a prima
facie case.'" Nguyen v. City of Cleveland, 229 F.3d 559, 562
(6th Cir. 2000) (quoting Texas Dep't of Cmty. Affairs v.

12

<u>Burdine</u>, 450 U.S. 248, 252–53 (1981)).  "To show employment discrimination, the plaintiff must present either direct evidence of discrimination or circumstantial evidence that would allow an inference of discriminatory intent."  <u>Ross v. Pfizer, Inc.</u>, 375 F. App'x 450, 453 (6th Cir. 2010).

"Direct evidence 'is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.'"  <u>Id.</u> (quoting <u>Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.</u>, 176 F.3d 921, 926 (6th Cir.1999)).

A case relying on circumstantial evidence is analyzed under the burden-shifting framework established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), and later clarified in <u>Burdine</u>.  The plaintiff must first establish a prima facie case of discrimination, which requires as follows:

> (1) that [she] is a member of a protected group; (2) that [she] was subject to an adverse employment action; (3) that [she] was qualified for the position from which [she] was fired; and (4) that [she] was treated differently than employees outside of the protected class for the same or similar conduct.

<u>Donald v. Buckman Labs., Inc.</u>, No. 12-5708, 2013 WL 2397776, at *3 (6th Cir. June 4, 2013).

If the plaintiff establishes a prima facie case, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection."

McDonnell Douglas, 411 U.S. at 802.  If the defendant meets this burden, the plaintiff must prove that the reason offered by the defendant is merely pretextual.  Id. at 804.  In the summary-judgment context, "a plaintiff need only produce enough evidence to support a prima facie case and to rebut, but not to disprove, the defendant's proffered rationale."  Carter v. Toyota Tsusho Am., Inc., No. 12-5384, 2013 WL 3306336, at *7 (6th Cir. July 2, 2013) (quoting Griffin v. Finkbeiner, 689 F.3d 584, 593 (6th Cir. 2012)) (internal quotation marks omitted).

    **D.   FMLA Retaliation**

The FMLA states that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for . . . a serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  The FMLA deems it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]."  Id. § 2615(a)(1).  Additionally, the FMLA makes it unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]."  Id. § 2615(a)(2).

It is well-settled that there are two theories of recovery under the FMLA:  the entitlement theory and the retaliation theory.  See Edgar v. JAC Prods., Inc., 443 F.3d 501, 506-07

(6th Cir. 2006).  It is undisputed that Plaintiff's FMLA request
was granted; therefore her claims arise solely under the
retaliation theory.  See ECF No. 38 at 13 n.2.

Under the retaliation theory, the relevant inquiry "is
whether the employer took the adverse action because of a
prohibited reason or for a legitimate nondiscriminatory reason."
Hodgens v. Gen. Dynamics Corp., 144 F.3d 151, 160 (6th Cir.
1998); accord Edgar, 443 F.3d at 508.  The employer's motive is
"an integral part of the analysis 'because retaliation claims
impose liability on employers that act against employees
specifically because those employees invoked their FMLA
rights.'"  Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 707
(6th Cir. 2008) (quoting Edgar, 443 F.3d at 508).

A plaintiff may support a retaliation claim by either
direct or circumstantial evidence.  An FMLA retaliation claim
based on direct evidence

> does not require a factfinder to draw any inferences
> in order to conclude that the challenged employment
> action was motivated at least in part by prejudice
> against members of the protected group.  The evidence
> must establish not only that the plaintiff's employer
> was predisposed to discriminate on the basis of [the
> FMLA], but also that the employer acted on that
> predisposition.  Finally, an employee who has
> presented direct evidence of improper motive does not
> bear the burden of disproving other possible
> nonretaliatory reasons for the adverse action.
> Rather, the burden shifts to the employer to prove by
> a preponderance of the evidence that it would have
> made the same decision absent the impermissible
> motive.

15

<u>Daugherty</u>, 544 F.3d at 707 (alteration in original) (quoting

<u>DiCarlo v. Potter</u>, 358 F.3d 408, 415 (6th Cir. 2004)) (internal

quotation marks omitted).

     For FMLA retaliation claims based on circumstantial

evidence, the court applies the same burden-shifting framework

as <u>McDonnell Douglas</u>.  <u>Edgar</u>, 443 F.3d at 508; <u>Skrjanc v. Great</u>

<u>Lakes Power Serv. Co.</u>, 272 F.3d 309, 315.  The plaintiff

establishes a prima facie case of discrimination by showing that

> (1) she availed herself of a protected right under the
> FMLA by notifying [the defendant] of her intent to
> take leave, (2) she suffered an adverse employment
> action, and (3) that there was a causal connection
> between the exercise of her rights under the FMLA and
> the adverse employment action.

<u>Edgar</u>, 443 F.3d at 508.  Proximity in time can suffice as

indirect evidence of the requisite "causal connection between

the exercise of" FMLA rights and the subsequent termination.

<u>Skrjanc</u>, 272 F.3d at 315.

     If the plaintiff succeeds in establishing a prima facie

case of retaliation, the burden shifts to the employer "to

articulate a legitimate, nondiscriminatory reason for

[plaintiff's] discharge."  <u>Id.</u>  If the defendant "articulates

such a reason, then [the plaintiff] has the burden of showing

that the articulated reason is in reality a pretext to mask

discrimination."  <u>Id.</u>

III. **ANALYSIS**

    A.   **Title VII Claim**

        1.   **Recommended Findings**

    In the Report and Recommendation, the Magistrate Judge recommends that the Court find:  (1) that Plaintiff relies entirely on circumstantial evidence to support her claim of racial discrimination; (2) that Plaintiff's claim must, therefore, be analyzed using the McDonnell Douglas framework; and (3) that under that framework, Plaintiff has met the first three prongs required to establish a prima facie case of racial discrimination.  (ECF No. 38 at 12.)  The Magistrate Judge, however, recommends that the Court find that Plaintiff has not satisfied the fourth prong, that is, "that someone outside [her] protected class was treated differently than similarly-situated, non-protected employees."  (Id. (quoting DiCarlo, 358 F.3d at 415).)  Furthermore, the Magistrate Judge recommends that even if Plaintiff had established the four prongs of a prima facie case of racial discrimination, Defendant has met its burden to show a legitimate, nondiscriminatory reason for the termination based on the application of Defendant's clear employee policies, and that Plaintiff "has not offered any evidence that FedEx's termination decision was pretextual."  (Id. at 13 n.1.)

    On de novo review, the Court finds Defendant has met its initial summary-judgment burden to show there are no genuine

17

issues of material fact and that Defendant is entitled to judgment as a matter of law.  Defendant provided undisputed evidence that a similarly situated, non-protected employee, Brian Kohanyi, received the same treatment as Plaintiff.  (Id. at 12.)  As Plaintiff offered no evidence to rebut Defendant's evidence, Defendant has met its initial summary-judgment burden.

### 2.   Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation to grant summary judgment to Defendant.  Plaintiff disputes Defendant's version of the April 21, 2010, incident, stating the "customer was verbally upset and she could not understand the system," that the customer "became so uncontrollable she was abusive and used profanity regarding the shipment," and that the customer "hung up after making the statement." (ECF No. 41 at 2.)  Plaintiff argues that she was denied the "right to a full and fair investigation of other co-workers who heard the conversation from the Plaintiff's end and provided statements to that incident."  (Id. at 3.)

Plaintiff also asserts that she will show the Defendant discriminated against her based on race "because [Plaintiff] was more educated with Associate [sic] Degree and (2) Bachelor [sic] Degrees and had experience and [sic] more qualified than her Senior Supervisor who was [f]emale, [w]hite, and only had a high school diploma."  (Id.)  Plaintiff contends that because of her

education and experience, she was unfairly "targeted for abuse by customers where audio of the calls were [sic] always contradicting the investigation and disciplinary action." (<u>Id.</u>) Plaintiff further asserts she will show racial discrimination "because Senior Supervisor Teresa Porter has terminated only African Americans and Hispanics versus white employees in the Department." (<u>Id.</u>)  Plaintiff also argues that Defendant "ha[s] not produced any documents regarding the behavior of the Plaintiff or the essential cause for her termination." (<u>Id.</u> at 4.)

To support her objections, Plaintiff submitted the following evidence:

(1)  an affidavit from current FedEx employee Marilyn Johnson ("Johnson Affidavit") (ECF No. 55-1), "who was [sic] at the time [sic] a former co[-]worker with Plaintiff at her last position" (ECF No. 41 at 3);

(2)  Audio from the customer phone call of April 21, 2010, which Plaintiff contends is contrary to Defendant's report, investigation, and ultimate termination of Plaintiff (<u>id.</u>); and

(3) a Right-to-Sue letter from the EEOC (ECF No. 55-2).[1]

---

[1] Plaintiff also submitted her employment history with Defendant from 1995 to 1999 (ECF No. 55-5), asserting that it showed "Plaintiff's promotions from department to department, pay scale, and other relevant material evidence" (ECF No. 46 at 5).  The Court finds Plaintiff's employment history is irrelevant to her claims of racial discrimination and retaliation under the FMLA, and therefore does not create issues of material fact.  The incidents which led to Plaintiff's termination occurred in 2009 and 2010, the

### 3.   Court's Findings

Having reviewed Plaintiff's objections and the evidence submitted, the Court first finds that Plaintiff has not put forth any direct evidence of Defendant's alleged racial discrimination, as Plaintiff's submitted evidence does not demonstrate that "unlawful discrimination was at least a motivating factor in the employer's actions." Ross, 375 F. App'x at 453 (internal quotation marks omitted). First, the Johnson Affidavit is irrelevant to the issue of racial discrimination and does not provide any direct evidence that Plaintiff was fired because of her race. Second, the audio of the April 21, 2010, phone call also does not demonstrate racial discrimination. Third, the Right-to-Sue Letter issued by the EEOC is not direct evidence of discrimination, but a necessary predicate to suit. See 42 U.S.C. § 2000e-5(f)(1); Granderson v. Univ. of Mich., 211 F. App'x 398, 400 (6th Cir. 2006).

Therefore, the Court will analyze Plaintiff's claim based on the circumstantial evidence under the McDonnell Douglas framework.

The Court finds Plaintiff has not met her burden to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (1986). Plaintiff's

employment history documents predate the time Plaintiff became a Customer Support Trace Representative, and the performance reviews contained in the employment history documents were not conducted by Plaintiff's supervisor at the time of her termination, Andreia Sanders.

assertions and submitted evidence do not satisfy the final prong
of her prima facie case of racial discrimination, specifically
that "she was replaced by a person outside the protected class
or treated differently than similarly situated 'nonprotected'
employees." Ayers-Jennings v. Fred's Inc., 461 F. App'x 472,
476 (6th Cir. 2012) (citing McDonnell Douglas, 411 U.S. at 802).

Plaintiff's assertions are not supported by citations to
any documents in the record and therefore do not establish any
genuine issues of material fact.  See Celotex, 477 U.S. at 324.

Plaintiff's submitted evidence does not relate to her
claims of racial discrimination.  The Johnson Affidavit is
irrelevant to the issue of racial discrimination as it does not
provide any circumstantial evidence of racial discrimination,
namely indicating that a similarly situated employee was treated
differently.

The audio of the April 21, 2010, phone call does not
establish a genuine issue of material fact as it is not
circumstantial evidence of racial discrimination.  While
Plaintiff argues the audio supports her claim of wrongful
termination because it shows Plaintiff "in no way provoked or
caused the actions of the customer" (ECF No. 46 at 3), the Court
finds the audio does not support her claims of racial
discrimination.  The audio is relevant to Plaintiff's internal
dispute with Defendant regarding her violation of its policies

regarding employee conduct, which has been reviewed by Defendant's internal review process, but is not circumstantial evidence that similarly situated employees were treated differently based on race.

The Right-to-Sue Letter does not establish a genuine issue of material fact because it is a necessary predicate to suit, not evidence of racial discrimination. <u>See</u> 42 U.S.C. § 2000e-5(f)(1); <u>Granderson v. Univ. of Mich.</u>, 211 F. App'x 398, 400 (6th Cir. 2006). Further, Defendant has not asserted that Plaintiff failed to exhaust her administrative remedies or "filed her claims untimely." (ECF No. 58 at 5.) Accordingly, the Right-to-Sue Letter is not evidence of a genuine issue of material fact.

Having reviewed Plaintiff's evidence and objections, the Court finds Plaintiff has not met her burden to establish a prima facie case of racial discrimination. Accordingly, Plaintiff has "fail[ed] to make a sufficient showing of an essential element of [her] case on which he bears the burden of proof," and "the moving parties are entitled to judgment as a matter of law and summary judgment is proper." <u>Chapman</u>, 670 F.3d at 680 (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).

Furthermore, the Court agrees with the Report and Recommendation that even if Plaintiff had established a prima

22

facie case of racial discrimination, Defendant offered a
legitimate, nondiscriminatory reason for Plaintiff's
termination, specifically Plaintiff's three violations of
Defendant's employee-conduct policy within a twelve-month
period. (See ECF No. 38 at 13 n.1.) Plaintiff has offered no
evidence to create a genuine issue of material fact that the
offered reason is pretextual.

Plaintiff's Objections are, therefore, OVERRULED, and the
Court ADOPTS the Magistrate Judge's Recommendation to grant
summary judgment for Defendant on Plaintiff's Title VII claims.
Plaintiff's Title VII claims against Defendant are hereby
DISMISSED WITH PREJUDICE.

**B.   FMLA Claim**

**1.   Recommended Findings**

In the Report and Recommendation, the Magistrate Judge
recommends that the Court find Plaintiff has only provided
circumstantial evidence of FMLA retaliation, and has satisfied
the first two prongs of the McDonnell Douglas framework
establishing a prima facie case of FMLA retaliation. (ECF No.
38 at 13.) The Magistrate Judge recommends that the Court find
that Plaintiff has not satisfied the third prong of showing a
causal connection between her protected activity and her
termination. (Id. at 13-14.) The Magistrate Judge states that,
viewing the totality of the circumstances of the instant case,

the proximity in time between Plaintiff's FMLA leave and her
termination is insufficient to establish the requisite causal
connection.  (Id. at 14-15.)  Furthermore, the Magistrate Judge
recommends that even if Plaintiff had established a prima facie
case of retaliation, Defendant has met its burden to show a
legitimate, nondiscriminatory reason for the termination through
the application of its clear employee policies, and Plaintiff
has not "articulated any reasoning that would show [Defendant's]
reason was pretext for discrimination."  (Id. at 15 n.3.)

On de novo review, taking the facts in the light most
favorable to the non-movant, the Court finds Defendant has met
its initial summary-judgment burden to show there are no genuine
issues of material fact regarding the causal connection between
Plaintiff exercising her rights under FMLA and the adverse
employment action, and that Plaintiff has failed to establish a
prima facie case of FMLA retaliation.

### 2.   Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation
to grant summary judgment to Defendant on her FMLA claim.
Plaintiff asserts that "because she was always being monitored,
she was denied [leave under the FMLA] due to loss [sic]
paperwork by FedEx she submitted, as well as denied
accommodation for work[-]related stress."  (ECF No. 41 at 3.)
Plaintiff argues that after her approved leave, her doctor

24

recommended she work part-time and that Defendant gave her "documents . . . stating she had to give reason, [n]ot her physician [sic] as to why she needed to have her status change." (Id. at 4.)   Plaintiff also asserts that, "due to her filing a grievance in dispute against her Supervisors and [sic] prior incident [sic] created a hostile retaliatory situation in her workplace environment."   (Id.)

To support her objections, Plaintiff submitted the following evidence:

(1)   Plaintiff's claim report for disability insurance, provided by Plaintiff's counseling center.   (ECF No. 55-4.) Plaintiff argues this document shows "Plaintiff was entitled to the Family Medical Leave Act under the conditions of a medical provider."   (ECF No. 46 at 3.)   Further, Plaintiff contends the document shows that Defendant was violating the FMLA "by asking the Plaintiff, not her provider [sic] to go into detail of her illness which is in violation of the HIPPA [sic] law," and that "[t]he evidence shows Plaintiff was suspended for a violation of the leave [sic] under medical treatment instead of other alternative measure [sic] or even the employer seeking additional information from the health care provider and not her."   (Id. at 4.)

### 3.   Court's Findings

Having reviewed Plaintiff's objections and the evidence submitted, the Court first finds Plaintiff has not put forth any direct evidence of Defendant's alleged retaliation as the evidence submitted does not establish that Defendant was predisposed to discriminate on the basis of [the FMLA]," and that Defendant "acted on that predisposition."  The submitted evidence only indicates that Plaintiff received FMLA leave. Therefore, the Court will analyze Plaintiff's claim on the indirect evidence submitted with her objections and the proximity in time of her termination to her FMLA leave under the McDonnell Douglas framework.

The Court notes that Defendant concedes that Plaintiff meets the first two requirements of the FMLA retaliation claim: she "availed herself of a protected right under the FMLA by notifying FedEx of her intent to take leave," and she suffered an adverse employment action.  (ECF No. 38 at 13-14.)  The Court finds Plaintiff has not met her burden to establish the third requirement of the prima facie case, however, the causal connection between her protected activity and the adverse employment action.

Plaintiff has not met her burden to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (1986).

Plaintiff's assertions are not supported by evidence, therefore they do not create a genuine issue of material fact. See Celotex, 477 U.S. at 324.

To the extent Plaintiff submitted evidence, Plaintiff's evidence does not satisfy the third prong of her prima facie case of retaliation, namely the causal connection between her protected activity and the adverse employment action.  It is undisputed that Plaintiff asked for and received FMLA leave. The submitted evidence is not contradictory.  The evidence, therefore, does not establish a causal connection between Plaintiff's FMLA leave and her subsequent termination. Additionally, the Court agrees with the Report and Recommendation that the proximity in time from Plaintiff's FMLA leave to the adverse employment action does not establish the necessary causal connection.  Plaintiff requested and received FMLA leave.  Plaintiff returned from her FMLA leave in February 2010 and was terminated in May 2010.  While only three months passed between Plaintiff's return and termination, Plaintiff's termination was due to her documented violations of well-established company policy.  Taking the facts in the light most favorable to the Plaintiff, and viewing the totality of the circumstances of the instant case, the proximity in time of Plaintiff's FMLA leave and her termination does not indicate a retaliatory motive.

27

Accordingly, the Court finds Plaintiff has not met her burden to establish any genuine issues of material fact relating to the third prong of her prima facie case of retaliation. Accordingly, Plaintiff has "fail[ed] to make a sufficient showing of an essential element of [her] case on which [s]he bears the burden of proof," and "the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Chapman, 670 F.3d at 680 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

Furthermore, the Court agrees with the Report and Recommendation that even if Plaintiff had established a prima facie case of retaliation, Defendant offered a legitimate, nondiscriminatory reason for Plaintiff's termination, specifically Plaintiff's three violations of Defendant's employee-conduct policy within a twelve-month period. (See ECF No. 38 at 13 n.1.) Plaintiff has offered no evidence to create a genuine issue of material fact that the offered reason is pretextual.

Plaintiff's Objections are, therefore, OVERRULED, and the Court ADOPTS the Magistrate Judge's Recommendation to grant summary judgment for Defendant on Plaintiff's FMLA claims. Plaintiff's FMLA retaliation claim against Defendant is hereby DISMISSED WITH PREJUDICE.

28

**IV. APPEAL ISSUES**

On September 27, 2011, the Court granted Plaintiff leave to proceed in forma pauperis. (See ECF No. 5.)

"[D]istrict courts [should] make a certification under [28 U.S.C.] § 1915(a)(3) for all cases filed by . . . non-prisoners seeking leave to proceed in forma pauperis on appeal." McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997), overruled on other grounds by LaFountain v. Harry, 716 F.3d 944, 950 (6th Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good-faith standard in the context of a criminal case is objective:

> In the context of a criminal appeal, we do not believe it can be read to require a District Court to determine whether the would-be appellant seeks further review of his case in subjective good faith, i.e., good faith from his subjective point of view. . . . We hold . . . that "good faith" in this context must be judged by an objective standard. We consider a defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous.

Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (footnote omitted).

The good-faith standard in civil cases, however, is subjective. Coppedge noted that,

[i]n discussing the "good faith" requirement of what
is now 28 U.S.C. s 1915(a), 28 U.S.C.A. s 1915(a).
Senator Bacon of the Senate Judiciary Committee said:
"When a judge has heard a case and it is about to be
carried to an appellate court, he *** is in a position
to judge whether it is a case proceeding captiously,
or viciously, or with prejudice, or from any other
improper motive, or whether the litigant is proceeding
in good faith."  45 Cong. Rec. 1533 (1910).

Coppedge, 369 U.S. at 444 n.8.  Furthermore, Coppedge noted that

Senator Bacon "was discussing primarily civil suits" and cited

Jaffe v. United States, 246 F.2d 760 (2d Cir. 1957).  Jaffe

states that "[a]n appeal not taken in 'good faith,' as described

in § 1915(a) is not the same as a 'frivolous' appeal, for bad

faith imports a consciousness of frivolity as distinct from

frivolity, simpliciter."  Jaffe, 246 F.2d at 761.

        In the instant case, the standard applied does not change

the Court's determination.  The Court finds that Plaintiff has

not met her summary-judgment burden, but the determination is

not so clear as to consider an appeal frivolous.  Accordingly,

the Court will not certify that an appeal will not be taken in

good faith.  Plaintiff may proceed in forma pauperis on appeal.

**V.    CONCLUSION**

        On de novo review of the Magistrate Judge's Report and

Recommendation, Plaintiff's objections are OVERRULED and the

Court ADOPTS the Report and Recommendation in its entirety.

Accordingly, Defendant's Motion for Summary Judgment is GRANTED.

All claims by Plaintiff against Defendant are hereby DISMISSED
WITH PREJUDICE.

     **IT IS SO ORDERED**, this 4th day of September, 2013.

                                      /s/ Jon P. McCalla
                                      U.S. DISTRICT JUDGE